**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**

ODELL SMITH,          )
          )
       Petitioner,    )  C. C. A. NO. 02C01-9803-CR-00060
          )
vs.          )  SHELBY COUNTY
          )
STATE OF TENNESSEE,    )  No. P-05385
          )
       Respondent.    )

**FILED**

**June 5, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**O R D E R**

This matter is before the Court upon the state's motion to affirm the trial court's judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals. The record reflects that the petitioner originally received several convictions for burglary, grand larceny, and receiving stolen property in 1975 and 1979. The record also shows that the petitioner has filed at least four petitions for post-conviction relief challenging the validity of these convictions. See e.g. Odell Smith v. State, No. 102, Shelby County (Tenn. Crim. App., at Jackson, Sep. 27, 1989), perm. to app. denied, (Tenn., Jan. 2, 1990).

In November 1996, the petitioner was apparently convicted of first degree murder and sentenced to life imprisonment without the possibility of parole. The petitioner filed the present petition for post-conviction relief attacking his previous convictions because they were used as an aggravating circumstance in the sentencing phase of his 1996 murder trial. However, none of the judgment sheets are contained in the record. The trial court dismissed the present petition finding that the one-year statute of limitations has expired.

T.C.A. § 40-30-202(a)[1] provides that a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is

---

[1] The petition in this case was filed on November 6, 1997, and is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). The petition in this case was filed well beyond the applicable statute of limitations, and is, therefore, untimely.[2]

Moreover, T.C.A. § 40-30-202(c) provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction. Since the petitioner previously filed at least one petition that was resolved on the merits by the trial court and by this Court on appeal, the petitioner's present petition was properly dismissed. Additionally, after reviewing the entire record on appeal, we find that the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened. See T.C.A. § 40-30-217.

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ____ day of May, 1998.

_____
DAVID G. HAYES, JUDGE

_____
PAUL G. SUMMERS, JUDGE

_____
JOE G. RILEY, JUDGE

---

[2] The petition would also be barred under the previous three year statute of limitations. See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994).